# TOMAS GOMEZ MARTINEZ

## *v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO.

Ponce, Law, No. 253.

1. In personal injury suits, the burden is upon the plaintiff to show the negligence of the defendant, and that he is himself free from contributory negligence.

2. While it is the duty of railroad companies not to expose the servants of others loading freight upon cars on a spur or side track to unusual risks or dangers, still those servants and the shippers must exercise reasonable care and keep a reasonable lookout for their own safety.

3. One who is put in a position of danger by the negligence of another is not guilty of contributory negligence if, while in such dangerous position, in an effort to escape therefrom, he does something which may not have been the best thing for him to do at the time. In such cases the same amount of care is not required of a plaintiff as would be the case were he not in an imminently dangerous position.

4. In cases of personal injury by a railroad accident, under the general damage act, §§ 1803 and 1804 of the Civil Code of Porto Rico of 1902, where there is no malice in or about the occurrence, compensatory damages are all that can be recovered, and the measure of the same is the extent of the injury done and its character, whether permanent or temporary, the amount of suffering he endured or may have to endure during life, if it is permanent, and the effect it has upon his earning capacity, the amount of time lost by reason thereof, and the cost of the sickness for physicians, drugs, medicines, and surgical treatment, if any.

Case tried January 11, 1910.

*Mr. José A. Poventud,* attorney for the plaintiff.

*Mr. F. L. Cornwell* and *Mr. N. B. K. Pettingill,* attorneys for the defendant.

The facts of the case sufficiently appear from the instructions which RODEY, Judge, gave to the jury as follows:

This is an ordinary suit to recover damages for a personal injury which the plaintiff, Tomas Gomez Martinez, alleges that he suffered in December, 1908, by reason of the negligence, default, and wrongful act of the defendant, the American Railroad Company of Porto Rico, which is a corporation duly organized and existing under the laws of the state of New York and doing business in Porto Rico. The damages are laid in the sum of $10,000, and the plaintiff asks a verdict at your hands for that amount and asks judgment of the court thereon, together with the costs of the suit.

The action is brought under §§ 1803 and 1804 of the Civil Code of Porto Rico, adopted in 1902. Section 1803 provides that "a person who, by an act or omission, causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done." Section 1804 reads: "The obligation imposed by the preceding section is demandable not only for personal acts and omissions, but also for those of the persons for whom they should be responsible." Subsection 3 of this same § 1804 reads: "Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed, or on account of their duties."

Martinez v. American R. Co.

The fact that the plaintiff claims $10,000 as damages is no reason why the jury should give him that sum, or in fact any sum at all, unless the facts and the law warrant it. Sometimes plaintiffs claim damages in a moderate and reasonable sum and at other times the sum claimed is wholly out of proportion to the injury done, so that it has come about that the only object served by the amount of damages claimed in a complaint is that it is a limit beyond which a jury cannot go in granting damages, because the plaintiff does not ask any more.

You are instructed that ordinarily the burden in every civil case is upon the plaintiff to make out his case to your satisfaction by a preponderance of the evidence; and this means that he must satisfy you by the weight of the evidence, which must be reasonable in itself and truthful in character, that he has a right to recover on the facts. A preponderance of the evidence never means of necessity the side that has the most witnesses or the most documents or other exhibits, but it always means the side upon which truth and justice lie in the opinion of the jury after a full, fair, and impartial consideration of all the facts and circumstances of the case.

It is always the duty of a jury to try to reconcile conflicting evidence if they can do so consistent with the truth of what every witness testifies to, but it is equally the duty of the jury, when it is impossible to reconcile conflicting testimony, to find as matter of fact which witness or set of witnesses testified to the truth.

You are instructed that it is the law that the defendant railroad company, as to laborers employed by cane shippers to load cars with cane on side tracks or spurs along its railroad, owes them a duty to not expose such laborers to unusual risks or dangers, and it is the duty of the defendant as to such persons to

give them reasonable notice of the approach of its trains, or of the intention of its servants to switch cars, engines, or trains into the switches upon which the cars are standing, that are being loaded by such laborers, and which are liable to be disturbed or moved by such cars, engines, or trains. Therefore, if you believe from a preponderance of the evidence in this cause that the defendant, by its servants and agents, carelessly and negligently permitted one of its trains or some of its cars to be turned into the switch upon which the evidence tends to show that plaintiff and others were working at the time, and that the plaintiff himself at the time was free from negligence of any sort upon his part, and that, by reason of such negligence of the defendant, through its agents, as aforesaid, he was injured, then the defendant is clearly liable, and you should assess damages in favor of plaintiff against the defendant within the amount claimed in the complaint, in accordance with the rule for measuring damages, as you will be hereafter instructed.

But while it is the duty of the defendant to not so expose such laborers working on its side tracks to unusual risks or dangers, it is equally the duty of those who are there to keep a reasonable lookout for their own safety; and therefore if you believe from a preponderance of the evidence in this case that this plaintiff did not, on the occasion in question, keep such reasonable lookout for his own safety, and that, because of his failure so to do, he was injured, then he cannot recover in this case, and you should find for the defendant.

In this case, as you have seen, there is a direct conflict of the evidence. On the one hand, the plaintiff claims that the empty cars in question were pushed in upon the side track so silently as that neither he nor his companions heard or noticed their ap-

Martinez v. American R. Co.

proach until a collision was about to occur, which was of such a violent character as that it threw plaintiff to the ground in his efforts to escape, and that he was then injured because of one of his hands unavoidably resting on one of the rails beneath the wheels of one of the cars he was loading. If you believe that the accident occurred in this way, and that the plaintiff or his companions were guilty of no contributory negligence upon his or their part, then the defendant is clearly liable, and damages should be assessed in plaintiff's favor as hereinafter indicated, within the limits of the amount claimed in the complaint.

On the other hand, the evidence for the defense tends to show that a long and heavy train approached the spur of track in question, and that it was pushing six empty cars ahead of the engine; that the train stopped on reaching the switch, and that the conductor got down and opened the switch, and then signaled the engine driver to push the empties in on the spur; and there is evidence tending to show that both the conductor and a policeman who was along notified the plaintiff and his companions to get off the cane cars they were loading, and that three of them did so in safety, and that plaintiff stated that he would remain on the car, and that thereafter, when the train was in motion, he changed his mind and attempted to get off, and when doing so, fell to the ground, and was injured in the manner shown by the evidence. If you believe this state of facts to be the truth between this conflict of evidence, then you are instructed that plaintiff's own negligent act in attempting to get off that train while it was thus in motion was the proximate cause of the injury, and he cannot recover, and you have no right to give him any of this defendant's money by your verdict, and you should, without hesitation, find for the defendant. Further,

Martinez v. American R. Co.

if you believe, on a preponderance of the evidence on the whole case, that the evidence on this point that is in conflict between the parties is equally balanced, then you must find for the defendant, because the burden is upon the plaintiff to prove his case to your satisfaction by a preponderance of the evidence.

You are further instructed that whenever a plaintiff is placed in a really dangerous position by the negligence of a defendant, the same amount of care is not thereafter required from him as would be required were he not in a position of danger, and even though he himself thereafter, in an effort to escape from the dangerous position, does something by which he is injured, when, if he had remained where he was, he would not have been injured, he still can recover, because the same degree of care is not required of a plaintiff in the excitement incident to the danger a defendant places him in.

Should you find for the plaintiff in this case, in estimating the damages which you will award him, you must take into consideration the injury done him, the character of the same, whether it is permanent or temporary, the amount of suffering he endured or may have to endure during life, if it is permanent, and the effect it has upon his earning capacity, the amount of time he lost by reason thereof, and the cost, if any, of his sickness and for drugs, medicines, surgical and other treatment, etc., if any, always keeping in mind that in this sort of a case, where there is no intentional malice in the act, nothing but compensatory damages can be awarded by a jury, and nothing in the nature of "smart money" or punitive damages can be awarded.

You are the sole judges of the weight of the evidence and of the credibility to be given to the witnesses, and in passing upon their credibility you may take into account their manner of

Martinez v. American R. Co.

testifying, their opportunities for knowing the facts about which they give evidence, and the interest, if any, they may have in the result of the case; and if you believe that any witness has wilfully sworn falsely as to any material fact, you are at liberty, and you have the power, to discard and disbelieve the whole or any portion of such witness's evidence in so far as you may believe the same to be untrue.

In this sort of a case, on the one hand, you are cautioned against permitting a plaintiff to speculate upon his own injury and make money beyond what is necessary to compensate him for the actual loss he has sustained; and, on the other hand, you are instructed that if the injury to him occurred through the negligence of the defendant, he is entitled, as matter of right, to recover full compensation therefor, measured by the rules here laid down for your guidance, and based upon the evidence in the cause.

You should not permit your acquaintance with the plaintiff or the defendant or its agents or with the counsel upon either side, or the fact that plaintiff is an individual and the defendant is a corporation, to have the least effect as to the verdict you shall render. They are entitled to exactly equal rights before this court. Your verdict must be based entirely upon the evidence submitted to you and upon the facts as you shall find them when the law, as here given you, is applied thereto. For jurors to permit any outside or unworthy motives to have effect regarding their verdict is a species of moral cowardice which, when indulged in, renders efforts to administer justice ineffective. The counsel or parties to a suit have no right to expect anything but a just verdict at your hands, and, be it said to the credit of counsel, they never do expect anything else, and neither they nor

the parties have any right to ever question you for what you shall do in the cause.   It would be as much a contempt of court for them so to do, as it would be for them to question the judge for any of his rulings, save by a proper appeal.   No one's conscience is bound but yours, and it is assumed that you will fairly and impartially weigh the evidence and arrive at a verdict, and that whichever side it may be for, under these instructions, you will unhesitatingly render the same, and when you do, all parties . must be satisfied.

As stated to you in the general instructions when you were impaneled, it is hoped that you will arrive at a verdict because these trials are expensive, and when a mistrial results, the cause goes back on the docket for trial at a subsequent term with all the consequent annoyance and expense to the parties.   It is assumed that you will deliberate as reasonable men, and that those of you who may be of one opinion will give reasons to the others for your beliefs, and listen to the reasons they have for theirs in return, and by reason of this exchange of views, you will, as reasonable and honest men, desiring to do right between the parties, arrive at a verdict.   If any of you are convinced by the others that you are wrong in your views, it is your duty to agree with those others, and equally on their part they should do the same as to the views expressed by any of you.   It is not intended by this to induce any juror to give up an opinion he may have as to any fact in the case if he is firmly of the belief that injustice would supervene by his so doing.   .

The court desires to caution you against charity and compromise verdicts.   Juries have no right to render such verdicts. They have no right to take any defendant's money and give it to any plaintiff unless the defendant has been guilty of the negli-

gence that was the real proximate cause of the injury, or unless the facts and the law warrant it; neither have they the right to deprive any plaintiff of the damages that may be justly due him on the facts and the law.

Because of the peculiar facts of this case, but two forms of verdict will be given you. One will read: "We, the jury, find for the plaintiff, and assess his damages at the sum of blank dollars; blank foreman." And the other will read: "We, the jury, find for the defendant; blank foreman." When you have arrived at a verdict, you will cause the one which meets it of these forms to be signed by one of your number, whom you will select for that purpose as foreman, and then all of you must return it into court. You may take to your room the complaint, the answer, and any exhibits that have been introduced in the case. The cause is with you, gentlemen.

The verdict was for the defendant.